IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SYLVESTER SLAY, JR., #304001, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-948-WKW |
| | ) | [WO] |
| | ) | |
| KAY IVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Sylvester Slay, Jr., an indigent state inmate. Doc. 1. In the instant civil action, Slay challenges conditions at Easterling Correctional Facility in light of the COVID-19 pandemic. Doc. 1 at 2–4.

The defendants filed a special report supported by relevant evidentiary materials, including properly sworn declarations and other relevant documents, in which they address the claims for relief presented by Slay. Specifically, the defendants deny violating Slay's constitutional rights with respect to the conditions at issue in this case.

Upon review of the defendants' report and supporting evidentiary materials, the court entered an order directing Slay to file a response to the report. Doc. 26. The order advised Slay his failure to respond would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 26 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [Slay] that**

**[his failure] to file a response in compliance with the directives of this order**" would result in a Recommendation for dismissal of this civil action.  Doc. 26 at 1 (emphasis in original).

Slay requested and received an extension of time to file his response.  Doc. 27 & Doc. 28. However, he failed to file a response to this order within the time allowed by the court, and the undersigned therefore entered an order requiring that on or before August 5, 2021 Slay "(i) show cause why he . . . failed to file a response to Defendants' special report as ordered by this court (Doc. 26), and (ii) file the requisite response." Doc. 30.  This order again cautioned Slay "that if he fails to file a response to Defendants' report in compliance with the orders of this court the Magistrate Judge will recommend that this case be dismissed for such failure, and the dismissal will not be reconsidered unless exceptional circumstances exist." Doc. 30.  As of the present date, Slay has failed to file a response in opposition to the defendants' report as required by the court.  Accordingly, the courts finds that this case is due to be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, it is clear that dismissal of this case is the proper course of action. Specifically, Slay is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, his inaction in the face of the defendants' response to his claims and this court's order suggests a loss of interest in the continued prosecution of this case. Finally, it appears that any additional effort by this court to secure Slay's compliance would

 be unavailing and a waste of this court's scarce judicial resources. Consequently, the undersigned concludes that the abandonment of this case by Slay and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket[,]" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **September 10, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall

"waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of August, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge